# United States District Court
# Northern District of Indiana

| | |
|---|---|
| CICERO OFFERLE, )<br>)<br>Plaintiff, )<br>) Civil Action No. 1:08-CV-143 JVB<br>v. )<br>)<br>ALLEN COUNTY SHERIFF, *et al.*, )<br>)<br>Defendants. ) | |

## OPINION AND ORDER

Cicero Offerle, a pro se prisoner, submitted a complaint under 42 U.S.C. § 1983 alleging that the defendants had violated his Eighth Amendment rights.

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, __ U.S. __; ___127 S. Ct. 1955 (2007).

*Erickson v. Pardus*,127 S. Ct. 2197, 2200 (2007) (parallel citations omitted).

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Offerle implies that, as the unidentified officers escorted him from the court room at the end of his trial on November 7, 2007, after handcuffing him, they directed him to walk out the door leading to a third floor balcony. (Pro Se Complaint, DE # 1 at 3). Then Offerle relates:

> As I walked out the door gather[ing] my thoughts I found myself sitting on the 3rd floor balcony railing. I sat on the rail for sometime as my hand were handcuffed together. I looked around saw no one in sight. The next thing that I woke up was in the hospital chained to my bed with a nurse standing over me.

(De # 1 at 3).

When Offerle came to in the hospital, ten days had passed. The nurses told Offerle he had fallen from the balcony. Offerle declares he is suing the "sheriff and all department heads" because they neglected to protect him. (DE # 1 at 3). The officers who took him from the courtroom "were not with or near me, " he says. If they had been there, Offerle contends the accident would have been prevented. Offerle denies that he ran from the officers and jumped from the balcony. (DE # 1 at 4).

Under the Eighth Amendment prison officials have a duty to protect prisoners from dangerous conditions. Accordingly, the Court must analyze Offerle's claims under the Eighth Amendment's prohibition against the infliction of "cruel and unusual punishment." *Wilson v. Seiter*, 111 S. Ct. 2321, 2324 (1991). The Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the risk of harm. An "objectively 'sufficiently serious'" risk, is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective test, Offerle must allege that the defendants were deliberately indifferent to a serious risk of substantial harm. They need not intend harm, but they must know an excessive risk to the plaintiff's health and safety exists. *Id.*, at 37. The question of the defendants' culpability is subjective, but the risk involved is evaluated

on an objective basis. Giving Offerle benefit of the inferences to which he is entitled at the pleading stage he asserts a claim the officers who escorted him from the courtroom did not protect him from falling off of a third floor balcony.

But, Offerle does not identify the officers who took him from the courtroom. As defendants, Offerle names the Allen County Sheriff and the Allen County Sheriff's Department ("Department"). Regarding the sheriff, the doctrine of *respondeat superior* cannot be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights. Supervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted). Offerle does not allege and it is not reasonable to infer the sheriff knew the officers who escorted him from the courtroom allowed him to sit on the balcony railing, however.

As regards the Department, Offerle cannot pursue a Section1983 claim against that entity because it has no legal existence separate from the municipal entity of which it is a part. *See, e.g., Wagner v. Washington County*, 493 F.3d 833, 835 (7th Cir.2007) (stating that the plaintiff "actually named the sheriff's department instead of the county, but the department is a division of the county and not a justiciable entity"). The Department will be dismissed.

Offerle cannot proceed against the unknown officers until he identifies them and amends his complaint to name them. Moreover, Offerle did not submit any summonses and Process and Receipt Forms ("USM-285") to allow the United States Marshals Service to effect service in his behalf. The Court will allow Offerle a time to identify the defendant officers and to submit an amended complaint naming the responsible officers.

Therefore, the Court:

(1) **GRANTS** Cicero Offerle, leave to proceed against the officers who escorted him from the courtroom on November 7, 2007, in their individual capacities on his claim they did not protect him from falling off of a third floor balcony in violation of his Eighth Amendment rights;

(2) **DISMISSES** the Allen County Sheriff and the Allen County Sheriff's Department;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the Clerk of the Court to send Cicero Offerle four summonses and two USM-285 forms along with a copy of this order;

(5) **GRANTS** Cicero Offerle to and including **April 9, 2009**, to amend the complaint to identify the defendant officers; and

(6) **CAUTIONS** Cicero Offerle that if he does not respond by the deadline this case may be **DISMISSED WITHOUT PREJUDICE** and without further notice.

**SO ORDERED** on January 19, 2009.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United State District Judge
Hammond Division